**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

JOSEPH V. MOORE,

    Plaintiff,

vs.                              Case No: 3:12-cv-797-J-20MCR

CITY OF ST. AUGUSTINE,
FLORIDA

    Defendant.
_____/

**ORDER**

**THIS CAUSE** is before the Court on Plaintiff's Motion to Compel Third Party to Comply with Subpoena *Duces Tecum* (Doc. 39). In the Motion, Plaintiff seeks an Order compelling third party, Havoline Express Lube[1], to respond to the subpoena *duces tecum* served on it back in January 2013. After failing to respond, Havoline Express Lube was informed, by Order of this Court on February 25, 2013, that it was required to respond to this Motion no later than March 13, 2013. (Doc. 40). On March 13, Havoline Express Lube filed a response (Doc. 41) asking the Court to deny Plaintiff's Motion and to quash the subpoena. Accordingly, this matter is now ripe for judicial review.

**I.    BACKGROUND**

On July 16, 2012, Plaintiff filed the Complaint in this case alleging the city of St. Augustine violated his constitutional rights via the actions of the St. Augustine Police Department associated with criminal charges brought against Plaintiff in 2011. On January 10, 2012, Plaintiff served third-party Havoline Express Lube with a subpoena

---

[1] In his subpoena, Plaintiff incorrectly identified the third-party as Fowler Express Lube.

*duces tecum*. The subpoena sought the production of the names of any employees working on March 25, 2011 at the Havoline Express Lube and if the employee was no longer employed at the store, a last known address. Additionally, Plaintiff sought the employee records of Sharon Annette Moore. Havoline Express Lube did not respond and therefore, Plaintiff filed the instant Motion seeking an Order compelling production of the requested documents.

## II.   ANALYSIS

Motions to compel disclosures and other discovery under Rule 37(a) are committed to the sound discretion of the trial court. Commercial Union Insurance Co. v. Westrope, 730 F.2d 729, 731 (11th Cir. 1984). The trial court's exercise of discretion regarding discovery orders will be sustained absent a finding of abuse of that discretion to the prejudice of a party. See Westrope, 730 F.2d at 731.

The overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts. See United States v. Proctor & Gamble Co., 356 U.S. 677, 682, 78 S.Ct. 983, 986-87 (1958). Discovery is intended to operate with minimal judicial supervision unless a dispute arises and one of the parties files a motion requiring judicial intervention. Furthermore, "[d]iscovery in this district should be practiced with a spirit of cooperation and civility." Middle District Discovery (2001) at 1.

In response to the instant Motion, Havoline Express Lube requests the Court quash the subpoena. However, Havoline Express Lube's request to quash is due to be denied for several reasons. First, Havoline Express Lube's response/motion does not

comply with Local Rule 3.01(a) in that it fails to include a memorandum of legal authority in support of the request. Additionally, the motion to quash is not timely. Rule 45 of the Federal Rules of Civil Procedure governs a motion to quash a subpoena and provides that, "[o]n a **timely** motion, the issuing court" must or may quash or modify a subpoena that falls within certain parameters. Rule 45(c)(3)(A) and (B), Fed.R.Civ.P. (emphasis added). Further, Rule 45(c)(2)(B), provides that "[a] person commanded to produce documents or tangible things or to permit inspection may serve ... a written objection" before "the earlier of the time specified for compliance or 14 days after the subpoena is served." Fed.R.Civ.P. 45(c)(2)(B). In this case, Havoline Express Lube filed the request to quash over forty days after the date specified for compliance.

Further, Havoline Express Lube does not object that the subpoena is unduly burdensome or that it seeks irrelevant or protected material. Rather, Havoline Express Lube solely objects that the subpoena required it to produce the documents in twenty days rather than thirty and that Plaintiff failed "to provide Havoline Express Lube with the provisions of Fed. R. Civ. P. 45(c), and Rule 45(d) and (e), as indicated on the subpoena." (Doc. 41). The Court is not certain what specific provisions of Rule 45(c), (d), and (e) Havoline Express Lube believes have not been complied with, but in any event, Havoline Express Lube has had sufficient time to comply with the subpoena and has waived any objections by failing to object within the provided time period.

As Havoline Express Lube has provided this Court with no valid reasons for quashing the subpoena, the Court will grant Plaintiff's Motion to Compel. Accordingly, after due consideration, it is

- 4 -

**ORDERED**:

Plaintiff's Motion to Compel Third Party to Comply with Subpoena *Duces Tecum* (Doc. 39) is **GRANTED**. Havoline Express Lube is directed to produce the requested discovery no later than **March 21, 2013**.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this __14th__ day of March, 2013.

_____
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record
Pro Se Plaintiff